## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE MOROZOV and MEM CONSULTING INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. NO. 1:18-cv-03421 (GBD) (SLC) |
| | ) |
| | ) Leave to file granted on October 22, 2019 |
| ICOBOX HUB INC., ICOBOX, ALEX MOSKOVSKY, and NICKOLAY EVDOKIMOV, | ) |
| | **)** |
| Defendants. | ) |
| | ) |

### PLAINTIFFS' MOTION FOR AN ORDER OF EXAMINATION
### AND ATTACHMENT, AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, through their undersigned counsel, respectfully move this Court pursuant to Rule 64 of the Federal Rules of Civil Procedure and Rule 5229 of the New York Civil Practice Law and Rules ("CPLR"), for an order of examination of Defendant Evdokimov concerning his assets and an order restraining Defendant from making or suffering any sale, assignment, transfer, or interference with any property in which he has an interest.

### PROCEDURAL HISTORY

On December 12, 2018, this Court denied Plaintiffs' motion for a pre-judgment attachment brought under Rule 64 and CPLR § 6201 (ECF No. 42), stating that "on this record I think it's insufficient to order an attachment at the beginning of this litigation given the particular hurdles that the plaintiff must overcome in order to get a personal judgment against Nickolay

1

[Evdokimov] and a judgment for which he will be responsible to satisfy out of his own personal assets." ECF No. 48 p. 75.

Following the completion of discovery on June 12, 2019, counsel for Plaintiffs and for Defendants Evdokimov, ICOBOX and ICOBOX HUB Inc. submitted a joint proposed briefing schedule for their anticipated summary judgment motions, which the Court so-ordered on June 18, 2019 (ECF No. 63).[1]

On August 27, 2019, Defendants' counsel moved to withdraw, stating in his declaration that "Mr. Evdokimov has not been in touch for nearly 2 months" and that "there are also doubts as to whether Mr. Evdokimov still resides at his last known address and whether he ever intends to show up again . . . call[ing] into question Mr. Evdokimov's intentions regarding this matter." ECF No. 64-1. In support of his withdrawal motion, counsel also exhibited his August 23, 2019 letter to Defendant Evdokimov, stating that "[y]our last communication came via a messaging application called telegram explaining you will be back in the USA. As far I am concerned, that never happened. Since then, we heard nothing. The last I heard from your former assistant was that you were overseas and that is all. When asked whether you would ever return, she had no answer." ECF No. 64-3. The Court so-ordered Defendants' counsel's motion to withdraw on August 27, 2019. ECF No. 65.

On August 30, 2019, Plaintiffs filed their motion for partial summary judgment on the breach of contract claims alleged as Counts 1-2 of their first amended complaint. ECF No. 66. On September 18, 2019, the Court held a status conference at which none of the Defendants appeared in person or by counsel. On September 27, 2019, the Court granted Plaintiffs' motion for partial summary judgment against Defendant Evdokimov, who had not responded to the

---

[1] On December 14, 2018, the Court granted Defendant Moskovsky's counsel's motion to withdraw (ECF No. 45); since his counsel's withdrawal, Defendant Moskovsky has not appeared or participated in this action.

motion, and referred the matter to the Magistrate Judge for an inquest on damages and attorneys' fees and costs. ECF No. 69.

Also on September 18, 2019, the U.S. Securities and Exchange Commission filed a complaint against Mr. Evdokimov and ICOBOX in the U.S. District Court for the Central District of California alleging violations of the federal securities laws. ECF No. 68-1.

The SEC served Evdokimov and ICOBOX by delivering the summons and complaint "at an address in Beverly Hills, California, which serves as Evdokimov's residence and as an office for ICOBox, to Maria Batura, who is Evdokimov's co-resident and wife, and apparently in charge of the office." Mr. Evdokimov and ICOBOX did not appear to defend the SEC action, and a default judgment was entered against them on October 28, 2019. Declaration of Dimitry Joffe dated November 5, 2019 ("Joffe Decl."), Exhs. A-B.[2]

On September 25, 2019, Plaintiffs moved for leave to renew their motion for attachment (ECF No. 68), which leave was granted on October 22, 2019 (ECF No. 75).

## ARGUMENT

### A.    Applicable rules

Rule 64 of the Federal Rules of Civil Procedure states: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. . . . The remedies available under this rule include the following -- however designated and

---

[2] On September 20, 2019, a complaint was filed by defrauded investors against Mr. Evdokimov and another one of his companies called Cryptonomics Capital in Anaykin et al. v. Evdokimov et al., No. 2:19-cv-08165-DSF-AFM (C.D. Cal. Sept. 20, 2019), alleging securities and common law fraud claims. The complaint alleges that Cryptonomics was one of Mr. Evdokimov's many cryptocurrency ventures, most now defunct; that Mr. Evdokimov abandoned Cryptonomics after taking money from investors, and did not respond to plaintiffs' refund requests and demand letters. Joffe Decl. Exh. C.

regardless of whether state procedure requires an independent action: arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies."

CPLR § 5229, Enforcement Before Judgment Entered, provides: "In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment."

The effect of the restraining notice is described in CPLR § 5222(b), which provides that "[a] judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated."

**B.**     **The applicable rules entitle Plaintiffs to the relief sought.**

In Sequa Capital Corp. v. Nave, 921 F. Supp. 1072 (S.D.N.Y. 1996), the Court granted plaintiff's motion for summary judgment and referred the case to the Magistrate Judge for calculation of damages, including interest, costs, fees, and expenses. Plaintiff moved for an order compelling defendant to appear for an examination concerning the nature, extent, and location of his assets and for an order restraining defendant's assets pursuant to Rule 64 and CPLR § 5229. Judge Scheindlin granted the order of examination as unopposed (id. at 1074) and ruled with respect to the order restraining defendant's assets (id. at 1076):

> The remedy provided in CPLR 5229 is designed to "secur[e] satisfaction of the judgment ultimately to be entered in the action" as provided for in FRCP 64. Restraining the sale of assets, as provided by CPLR 5229, has substantially the same effect as an attachment and a seizure of property. *See Rosen,* 21 F.3d at 1530; *Green,* 1988 WL 42323 at *3. Accordingly, I conclude that CPLR 5229 is a remedy within the meaning of FRCP 64.
>
> Sequa is entitled to the benefit of CPLR 5229 "under the circumstances and in the manner provided by the law" of New York. FRCP 64. Other than having received

a favorable verdict or decision, there are no prerequisites to obtaining the relief provided in CPLR 5229. It is in the court's discretion whether to grant relief and the manner and limitations in which relief is granted. *See* 6 Weinstein, Korn Miller, New York Civil Practice ¶ 5229.04 (1995).

See also Loew v. Kolb, No. 03-Civ-5064 (RCC) (S.D.N.Y. Sept. 5, 2003) (restraining defendants from transferring property as the relief "expressly provided for in CPLR 5229, which is applicable to this case under Fed.R.Civ.P. 64"; "CLPR 5229 is properly invoked where there is some time between a decision and the judgment.").

More recently, in Coley v. Vannguard Urban Improvement Association, Inc., No. 12-CV-5565, 2016 WL 7217641, at *6 (E.D.N.Y. Dec. 13, 2016), Judge Chen explained:

> FRCP 64(a) permits federal courts to grant certain provisional remedies in accordance with State law. District courts in the Second Circuit have treated CPLR § 5229 as providing one such remedy. See Leser v. U.S. Bank Nat'l Ass'n, 09-CV-2362, 2013 WL 867151, at *1 (E.D.N.Y. March 7, 2013); Sequa Capital Corp. v. Nave, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996); see also Shamrock Power Sales, LLC, 2016 WL 6102370, at *8 (listing CPLR § 5229 as a "prejudgment remed[y] that may be available to Plaintiff" under FRCP 64(a)"). CPLR § 5229 provides that "[i]n any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining order had been served upon him after judgment." CPLR § 5229. See Kaminsky v. Kahn, 46 Misc. 2d 131, 131–32 (N.Y. Sup. Ct. 1965) (stating, after plaintiff was awarded an interlocutory judgment directing an accounting from defendant, that the court saw "no need to await the entry of a final judgment" before granting restraint under CPLR § 5229). The Court has discretion regarding whether to grant relief under CPLR § 5229 and the manner and limitations of any relief granted. Sequa Capital Corp., 921 F. Supp. at 1076 (citing 6 Weinstein, Korn & Miller, New York Civil Practice ¶ 5229.04 (1995)). "Courts may order an adverse party restrained until judgment is entered where there is a danger that he will dispose of his assets." Id. However, the moving party need not make a particular showing of the danger of dissipation of assets. See Leser, 2013 WL 867153, at *3; Gallegos v. Elite Model Mgmt. Corp., 1 Misc. 3d 200, 207 (N.Y. Sup. Ct. 2003) (finding no requirement that the prevailing party "submit evidence that assets are definitively being disposed of or diverted as a prerequisite to obtaining injunctive relief").

Judge Chen held: "Plaintiffs have obtained default judgments against the defaulting Defendants, but there has not been a final damages award entered against them. Therefore, the

5

Court finds that CPLR § 5229 authorizes examination and restraint of the assets of Defendants against whom default judgment has been granted[.] Defendants . . . are hereby restrained, as of the date of this Order, from selling, transferring, assigning or interfering with any assets they directly own or in which they have an interest until a damages judgment is entered in this case; and (2) they are hereby ordered to appear for a deposition and produce documents concerning their finances." <u>Coley</u>, 2016 WL 7217641, at *6.

In <u>Demirovic v. Ortega</u>, 296 F. Supp. 3d 477, 484 (E.D.N.Y. 2017), the Court issued an order under Rule 64 and CPLR § 5229 restraining defendants from "making or suffering any sale, assignment, transfer, or interference with any property in which any of them has any interest, except as allowed by CPLR § 5222, another applicable provision of New York law, or further order of this Court." The Court also ordered the defendants to respond to discovery requests regarding their finances and to appear for deposition as provided by CPLR § 5229.

### C.  <u>The relief sought is proper under the circumstances of this case.</u>

Here, as in <u>Sequa</u>, the Court granted Plaintiffs' motion for summary judgment on their breach of contract claims and referred the matter to the Magistrate Judge for an inquest on damages. "Other than having received a favorable verdict or decision, there are no prerequisites to obtaining the relief provided in CPLR 5229." <u>Sequa</u>, 921 F. Supp. at 1076.

"Under CPLR § 5229, the decision whether to grant relief, and under what circumstances, rests within the sound discretion of the Court. <u>See</u> <u>Sequa Capital Corp. v. Nave</u>, 921 F. Supp. at 1076. 'The court must exercise its discretion in light of the object of [the statute to] prevent the party against whom a verdict or decision has been rendered from secreting or conveying his property to avoid payment of the judgment.' Weinstein, Korn & Miller, New York Civil

Practice: CPLR ¶ 5229.02 (David L. Ferstendig ed., 2d ed.).” <u>Demirovic</u>, 296 F. Supp. 3d at 482.[3]

 To secure relief under CPLR 5229, “the moving party *need not make a particular showing of the danger of dissipation of assets*.” <u>Coley</u>, 2016 WL 7217641, at *6 (citing <u>Leser</u>, 2013 WL 867153, at *3) (emphasis added). Even though not required, the danger of dissipation is present here. Thus, following counsel’s withdrawal, Defendants Evdokimov and ICOBOX did not participate in this litigation and did not respond to a summary judgment motion; they also did not respond to a recent SEC action, leading to a default judgment entered against them. Moreover, Defendant Evdokimov is a citizen of Russia, a nondomiciliary residing outside of this state, and there are significant doubts about his current whereabouts. Defendant ICOBOX, at least 95% of which is owned by Defendant Evdokimov, is a Cayman Island company not qualified to do business in the state; its main office is in Moscow, and it does not operate in the United States. ECF No. 66-5, Tr. at pp. 48, 50, 53.[4]

 Defendant Evdokimov has testified at his deposition that Defendant ICOBOX “does not have a bank account at all,” pays its bills and its payroll in Bitcoins, and earns revenue in Bitcoins. ECF No. 66-5, Tr. at pp. 50, 54 (“everything was being conducted in Bitcoins”).

---

[3] The Court also explained in <u>Demirovich</u> 296 F. Supp. 3d at 483, that “[t]o the extent the defendants claim they will be unable to support themselves or continue in their businesses, the statutes governing the effect of a restraining notice or restraining order explicitly prevent such a result by exempting broad categories of personal property, including certain portions of the adverse party’s income, from restraint. <u>See</u>, <u>e.g.</u>, N.Y. CPLR § 5205(a), (d). Thus, an order under CPLR § 5229 would allow the defendants to support themselves and to carry on in their businesses, but would also protect the plaintiffs’ interest by preventing the defendants from transferring funds or assets to avoid paying on the judgment. <u>See</u> <u>Sequa Capital Corp. v. Nave</u>, 921 F.Supp. at 1076 (explaining that a defendant’s ‘concern that [a] restraining order will leave him without means to live is unfounded’ in light of the limitations and exceptions provided under New York law). Of course, if there should arise a legitimate need for the defendants to transfer ownership or otherwise dispose of money or assets that exceed the statutory limits, the defendants are entitled under the statute to seek the Court’s permission to do so. <u>See</u> CPLR § 5222(b) (providing that a party subject to a restraining notice or order is prohibited from transferring or otherwise disposing of property ‘except upon direction of the sheriff or pursuant to an order of the court’).”

[4] <u>Cf.</u> CPLR 6201(1), authorizing attachment where “the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state.”

Bitcoin is "a completely decentralized currency, operating free of nation states or central banks," United States v. Ulbricht, 858 F.3d 71, 83 (2d Cir. 2017), and "offers users increased anonymity compared with many other virtual and traditional currencies." United States v. Lebedev, No. 17-3691-cr(L), at *5 (2d Cir. Jul. 26, 2019). "Bitcoin is a digital currency that is decentralized and pseudonymous, permitting online vendors and customers to maintain their anonymity by transferring the currency directly between their Bitcoin accounts, which contain no identifying information about either user." United States v. Le, 902 F.3d 104, 108 (2d Cir. 2018).

Without a restraining order, there is a danger that Defendants will convey their mostly digital assets to anonymous third parties to avoid payment of the judgment.

## CONCLUSION

For reasons stated above, Plaintiffs respectfully request an order pursuant to CPLR § 5229 restraining Defendants from making or suffering any sale, assignment, transfer or interference with any property in which they have an interest, except pursuant to an order of the Court, until a damages judgment is entered, and requiring Defendants to produce documents, answer interrogatories and appear for deposition regarding their finances and assets, including their digital assets.

November 5, 2019

Respectfully Submitted,

_____
Dimitry Joffe (DJ6498)
JOFFE LAW P.C.
765 Amsterdam Avenue, 2C
New York, NY 10025
917-929-1964
dimitry@joffe.law
*Plaintiffs' counsel*

## CERTIFICATE OF SERVICE

I, Dimitry Joffe, hereby certify that on this 5th day of November, 2019, I caused true and

correct copies of Plaintiffs' Motion for an Order of Examination and Attachment and Supporting

Memorandum of Law, accompanied by Declaration of Dimitry Joffe with exhibits, to be served

upon Defendants by electronic mail to Neo@icobox.io, Nick@Evdokimov.com, and

Alex@moskovski.com; by certified U.S. mail sent to the last known address of Defendant

Nickolay Evdokimov at 725 North Foothill Road, Beverly Hills, CA 90210, and by registered

U.S. mail sent to Defendant ICOBOX, c/o Hermes Corporate Services Ltd., 122 Mary Street,

George Town, P.O. Box 31493, Grand Cayman KY1, Cayman Islands 1206.


_____
Dimitry Joffe
JOFFE LAW P.C.
765 Amsterdam Ave, 2C
New York, NY 10025
917-929-1964
dimity@joffe.law
*Plaintiffs' counsel*