UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EUGENE MOROZOV and MEM CONSULTING INC.,

                       Plaintiffs,

         -against-

ICOBOX HUB INC., ICOBOX, ALEX MOSKOVSKY,
and NICKOLAY EVDOKIMOV,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 8 2020

MEMORANDUM DECISION
AND ORDER

18 Civ. 3421 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Eugene Morozov and MEM Consulting Inc. bring this action against Defendants ICOBOX Hub Inc., ICOBOX, Alex Moskovsky, and Nickolay Evdokimov for failure to pay wages and retaliatory discharge in violation of the Fair Labor Standards Act and New York Labor Laws, and for breach of contract. (First Am. Compl. ("FAC"), ECF No. 24.) Defendants were initially represented in this action by counsel Roman Leonov. On November 27, 2018, Leonov moved to withdraw as counsel for Defendant Moskovsky. (Notice of Mot. to Withdraw as Counsel, ECF No. 39.) This Court instructed Leonov to advise Defendant Moskovsky that he may expose himself to a default judgment if he failed to secure new counsel or defend himself personally. (Tr. dated December 12, 2018, ECF No. 48, at 3:4–11.) After Leonov informed Defendant Moskovsky of these potential consequences, this Court granted Leonov's motion to withdraw as counsel. (Endorsed Letter dated December 14, 2018, ECF No. 45.) Subsequently, on August 27, 2019, Leonov moved to withdraw from representing Defendants ICOBOX Hub Inc., ICOBOX, and Evdokimov. (Notice of Mot. to Withdraw as Counsel, ECF No. 64.) Leonov similarly warned Defendants ICOBOX Hub Inc., ICOBOX, and Evdokimov that if they failed to defend themselves, judgment may be granted

in Plaintiffs' favor on a forthcoming partial motion for summary judgment. This Court granted

Leonov's motion to withdraw. (Endorsed Letter dated August 27, 2019, ECF No. 65.)

On August 30, 2019, Plaintiffs filed a motion for partial summary judgment on their breach

of contract claims against Defendant Evdokimov. (Notice of Mot., ECF No. 67.) In the absence of

any opposition, this Court granted Plaintiffs' motion and referred the matter to Magistrate Judge

Sarah L. Cave for an inquest on damages and attorneys' fees and costs. (Order, ECF No. 69; *see*

*also* Order of Reference, ECF No. 70.) On October 18, 2019, Plaintiffs filed a motion for default

judgment on their unpaid wages and retaliatory discharge claims against Defendants ICOBOX Hub

Inc., ICOBOX, Moskovsky, and Evdokimov (the "Defaulting Defendants"). (Notice of Mot., ECF

No. 73.) Plaintiffs seek a default judgment awarding damages and attorneys' fees and costs.

Separately, on November 5, 2019, Plaintiffs filed a motion for an order of examination of Defendant

Evdokimov concerning his assets and an order restraining him from disposing of any assets, (Pls.'

Motion for an Order of Examination and Attach., and Supporting Mem. of Law ("Attachment

Motion"), ECF No. 77), which this Court also referred to Magistrate Judge Cave, (Am. Order of

Reference, ECF No. 78).

Pursuant to a Scheduling Order by Magistrate Judge Cave, Plaintiffs submitted their

proposed findings of fact and conclusions of law regarding damages. (Pls.' Proposed Findings of

Fact and Conclusions of Law Concerning Damages, ECF No. 79.) Magistrate Judge Cave also

directed Plaintiffs' counsel to file invoices demonstrating the work performed for Plaintiffs to

facilitate Magistrate Judge Cave's determination of attorneys' fees. (Order, ECF No. 82.) Plaintiffs

did not submit any invoices or billing records. Instead, Plaintiff Morozov represented that Plaintiffs

agreed to pay counsel 30% of any actual recovery in this action. (Aff. of Eugene Morozov, ECF No.

83, ¶ 6.) Morozov explained that counsel did not bill Plaintiffs for work on this case, nor did

2

Plaintiffs require or receive any invoices for the work performed. (*Id.*) Defaulting Defendants did not file a response to any of Plaintiffs' submissions.

Before this Court is Magistrate Judge Cave's May 5, 2020 Report and Recommendation (the "Report"), recommending that this Court enter judgment against Defendant Evdokimov and award Plaintiffs $354,500 in damages, $63,810 in attorneys' fees, and $6,815 in costs. (Report, ECF No. 84, at 2.) The Report further recommended that this Court grant Plaintiffs' Attachment Motion. (*Id.*) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 28.) Plaintiffs filed timely objections as to the Report's conclusions regarding the amount of attorneys' fees to be awarded. (Pls.' Obj. to the Magistrate Judge's R. & R. ("Pls. Objection"), ECF No. 85.) Having reviewed Magistrate Judge Cave's Report, as well as Plaintiffs' objections, this Court ADOPTS the Report and overrules the objections.

## I.    LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original

3

briefs to the magistrate judge.'" *Stone v. Comm'r of Soc.* Sec., No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted).  Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II.    THE REPORT CORRECTLY CALCULATES PLAINTIFFS' DAMAGES AND COSTS [1]

Magistrate Judge Cave conducted a comprehensive and careful inquest and issued the Report recommending that this Court award damages and costs as specified in the Report.  (Report at 14–15, 21–22.)    This Court finds no error, clear or otherwise in the Report's analysis. Accordingly, this Court adopts Magistrate Judge Cave's recommended judgment regarding damages and costs for the reasons stated in the Report.

## III.    THE REPORT CORRECTLY CALCULATES ATTORNEYS' FEES

The employment agreement and services agreement between the parties provide for an award of reasonable attorneys' fees to the prevailing party in the event of legal action.  Plaintiffs request attorneys' fees in the amount of 30% of the total damages award, in accordance with a contingency fee agreed to between Plaintiffs and their counsel for this matter.  Magistrate Judge Cave calculated this figure to be $106,350 ($354,500 x .30), but recommended a 40% reduction because Plaintiffs failed to provide contemporaneous billing records reflecting the work Plaintiffs' counsel performed on this action.  (Report at 16–21.)  Plaintiffs object to Magistrate Judge Cave's recommended 40% reduction and submit that $106,350 in attorneys' fees is "reasonable in light

---

[1] Magistrate Judge Cave also did not commit clear error in determining that judgment should be entered against Defendant Evdokimov only.  (*See* Report at 13–14.)  This Court granted partial summary judgment for Plaintiffs against Defendant Evdokimov, and although Plaintiffs now seek judgment against all Defaulting Defendants, Plaintiffs' proposed findings make no mention of specifically seeking damages against Defendants ICOBOX Hub Inc., ICOBOX, or Moskovsky.

4

of the estimated time expended on this case by Plaintiffs' counsel and a reasonable hourly rate of \$500 per hour." (Pls. Objection at 5.)

A district court has discretion to determine the amount of attorneys' fees to award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The "essential goal" in this endeavor "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Still, the "burden of establishing entitlement to an award" rests with the fee applicant. *Hensley*, 461 U.S. at 437. The fee applicant must submit documentation reflecting the "appropriate hours expended and hourly rates" for the Court's consideration. *Id.* In this Circuit, such time records must be contemporaneous and specify "the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Plaintiffs were provided two opportunities to submit contemporaneous billing records or invoices to Magistrate Judge Cave to facilitate the determination of reasonable attorneys' fees. Plaintiffs did not do so. Plaintiffs, instead, provided Magistrate Judge Cave with a list of tasks Plaintiffs' counsel completed in the course of representation and explained that counsel did not bill Plaintiffs, nor did Plaintiffs require or receive any invoices from counsel. (Report at 20.) In their objections to the Report, Plaintiffs still have not submitted any billing records. Plaintiffs provide a summary of the case docket reflecting work performed by counsel to date. (Pls. Objection at 1–2.) Plaintiffs separate this work into four broad categories and provide counsel's estimate that each category required at least 50 hours of work, for a total of at least 200 hours spent on this matter. (*Id.* at 3.) Plaintiffs submit that 200 hours is a reasonable time to expend, considering the scope of this case. That may well be true. However, Plaintiffs have provided this Court with no documentation supporting their hours estimate to enable this Court to make an award of reasonable

5

attorneys' fees. The Second Circuit has established, in no uncertain terms, that contemporaneous records are a prerequisite for an award of attorneys' fees. *Carey*, 711 F.2d at 1147. Plaintiffs have not adequately established entitlement to their total requested fee award. This Court agrees with Magistrate Judge Cave that "in the absence of contemporaneous billing records" and "in the interest of efficient implementation of an award that represents rough justice," a 40% reduction of Plaintiffs' estimated time expended is appropriate. (Report at 21.) Plaintiffs are awarded $63,810 ($106,350 x .60) as reasonable attorneys' fees.

## IV.   PLAINTIFFS' ATTACHMENT MOTION IS GRANTED

Magistrate Judge Cave correctly determined that Plaintiffs are entitled to provisional remedies under Section 5229 of the New York Civil Practice Law and Rules ("CPLR"), pursuant to Federal Rule of Civil Procedure 64. (*See* Report at 22–26.) Rule 64 provides that "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64. And CPLR 5229 provides that "before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment." N.Y. C.P.L.R. § 5229.

Courts within this Circuit have concluded that CPLR 5229 is an available "remedy within the meaning of Rule 64." *Demirovic v. Ortega*, 296 F. Supp. 3d 477, 481 (E.D.N.Y. 2017) (citing *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996)). The only prerequisite to obtaining relief under CPLR 5229 is a favorable verdict or decision. *Sequa*, 921 F. Supp. at 1076. The decision whether to grant relief and the scope of any such relief is in the discretion of the court. *Id.* Magistrate Judge Cave appropriately concluded that relief under CPLR 5229 is warranted, because this Court granted partial summary judgment against Defendant Evdokimov

6

and Plaintiffs adequately demonstrated there is a danger that Evdokimov will dispose of his assets. (*See* Report at 25–26).   Defendant Evdokimov has not participated in this litigation following counsel's withdrawal.   Additionally, Plaintiffs assert that Defendant Evdokimov is a Russian citizen who does not reside in New York, and they have significant doubts about his current whereabouts.   Further, Defendant ICOBOX, at least 95% of which is owned by Defendant Evdokimov, is an offshore company with no United States operations that transacts only in Bitcoin, a completely decentralized currency that offers users significant anonymity.   Accordingly, Magistrate Judge Cave found that there is "not insubstantial danger that Evdokimov will transfer assets to avoid having to pay any judgment in this action."   (Report at 26.)   This Court adopts Magistrate Judge Cave's recommended CPLR 5229 remedies regarding Defendant Evdokimov for the reasons stated in the Report.

## V.    CONCLUSION

Magistrate Judge Cave's Report is ADOPTED in its entirety.   Final judgment shall be entered ordering Defendant Evdokimov to pay Plaintiffs (1) $354,500 in damages, (2) $63,810 in attorneys' fees, and (3) $6,815 in costs.

Dated: New York, New York
      August 18, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge